Taliaferro, J.
Several suits were from time to time successively brought by t'he city against the defendant to enforce the payment of •taxes. Judgments were obtained and executions issued on three of them. The defendant enjoined the proceedings, setting up that under its charter the society is exempted irom the payment of taxes. Judgment was rendered perpetuating the injunction so far as it restrained the city from executing the writ of fieri facias issued in the case numbered 1155, and annulling the judgment rendered in that case. In the other eases the injunction was dissolved. At the same time judgment was rendered in favor of the city in two other suits founded on the same cause of action, and cumulated by consent with the injunction cases.
From this judgment, so far as it is against the Mechanics’ Society, the defendant appeals.
The New Orleans Mechanics’ Society was incorporated in the year 1821. The third section of the act of incorporation provides: “That it shall not be lawful for this iucorporation to apply their revenues to any other than charitable purposes and the promotion and improvement of mechanical arts. This law shall be in force for and during the term of twenty years.” By an act approved March 21, 1850, the State transferred to the society the possession and occupancy forever of a certain portion of ground on the square bounded by Canal, Baronne, Common and Philippa streets. The society was required to build upon the ground granted to it a brick or stone building, suitable for a library, lecture room, and cabinet of natural history and mechanical inventions, and to establish and maintain a library for the use of the mechanics of New Orleans, and an annual course of lectures on the physical sciences, and particularly those connected with agriculture and the mechanical arts. The society caused to be erected on the lot of ground so granted the building called “ The Mechanics’ Institute.”
The society acquired in 1853 from the city of New Orleans the lot of ground, and buildings upon it, which had been donated to the city by Abijah Fisk, for the establishment of a free library, known for many *437 years as “ The Risk Free Library.” This property, situated at the corner of Bourbon and Customhouse streets, was transferred to the Mechanics’ Society, under the same conditions, and to be held and used for the same uses and trusts under which it was held by the city. The society was bound by this transfer to place the Fisk Free Library in the building known as the Mechanics’ Institute, and was authorized to rent the building in which the library was first established, the income from rent to be applied to the enlargement and maintenance of tlm library, etc.
The city asserts the right to levy and collect taxes on these properties. If may be here noted that the suit numbered 1155 referred to in the judgment of the lower court, and in relation to which the injunction was perpetuated, was brought for the taxes imposed upon the lot of ground, and buildings upon it, donated originally by Abijah Fisk for the Fisk Free Library ; and that the other suits in which judgments were rendered in favor of the city were for taxes on the property known as the Mechanics’ Institute.
The defendant contends that the property held by .the corporation is exempt from taxation by contract between the city and the. corporation ; such exemption being implied, if not expressed, by the act of incorporation ; that no other construction can be given to the charter and subsequent acts of the Legislature thau that it was the understanding and intent of the law maker and the party accepting the terms and conditions of the laws, that the properties of the society should forever be free from all taxation; that this construction has been given to it by both State and city for near half a century; that the rights acquired by the society, and which it has so long enjoyed, are of a vested character and can not be affected by subsequent changes in constitutions or laws.
On the part of the city it is held that exemptions are never implied, and all laws granting exemptions from taxation are to be most strictly construed. It is conceded that as a charitable society the property of the Mechanics’ Society, actually used by itself for purposes of charity, would be exempt under the general laws of the State and the charters of the city, but that such an exemption is not in the nature of contract, and it can be recalled at any time; that the words of the law show it to he hut a conditional exemption, and in order to claim it the society must use its buildings, the Mechanics’ Institute-, for its purposes of charity; the moment they fail to occupy it to that end it ceases to be exempt; that by law the right subsists so long as actually used for charitable purposes. The plaintiff denies that the. building of the defendant, called the Mechanics’ Institute, has been used as required by law for charitable purposes. The evidence sustains this *438 position taken by tbe plaintiff. It is shown that during the years for which the city is claiming taxes against the property of this corporation, the building called the Mechanics’ Institute was leased out and not used for the purposes intended by the act of March 21, 1850. It is not shown to have been at any time appropriated to the objects of the said act. The Fisk Free Library, a witness states, is kept open regularly every day in the Mechanics’ Institute, and that the revenues arising from that property are all applied to educational and charitable purposes; and that the rents derived from the other property at the corner of Bourbon and Customhouse streets, are all appropriated to the expenses of Fisk Free Library, and to no other purpose.
We think the property of the defendant, not being used for the specific purpose expressed in the acts of incorporation, is not exempted from taxation. We find no terms or expressions used in these acts declaring a contract between the State and the corporations, and we can not infer the existence of such a contract. The property of defendants is not exempted by their charter. We think there was error' in the court below in rendering judgment in favor of defendants, annulling the judgment in suit No. 1155, and maintaining the injunction as to the execution of that judgment; and in other respects that the decree is correct.
It is therefore ordered that the judgment of the district court, so far as it maintains the injunction restraining the execution of the plaintiffs’ judgment against the defendant in suit No. L155 and annuls that judgment, be avoided, annulled and set aside. It is further ordered that the injunction be dissolved as to the said judgment in suit No. 1155; and it is finally ordered that the decree of the lower court as thus altered and amended be affirmed, with costs in both courts.